SIMPSON & GORDON *vs* TIPPIN.

1. In a proceeding, (under statute,) contesting the answer of a garnishee in attachment, evidence can not be introduced, by the plaintiff, to show that a note, due by the garnishee, to the defendant in attachment, has been *fraudulently* assigned by the latter, to a third person, to avoid the debt attached.

In this case, an original attachment, in favor of the plaintiffs in error, against the defendant, as an absconding debtor, was taken, from the office of a magistrate of Lauderdale County: and was made returnable to the County Court. Founded upon this attachment, a garnishment was issued to John Cautrell, requiring him, personally, to answer before the said County Court, what goods and chattels of the said Dennis Tippin, he, the said Cautrell had in his possession; or what sum or sums of money he owed to the said Dennis Tippin, &c.; or, in the hands of any other person, &c.

In pursuance of the summons, the said Cautrell appeared at the return term thereof, and answered, under oath, that, on the 28th December, 1829, he executed to the said Dennis Tippin, the defendant in the attachment, a promissory note, for the sum of three hundred dollars, due on the first day of February, 1831; that the said note was assigned by the said Dennis Tippin, to one Philip Tippin, of which assignment he, the said Cautrell was notified, by the said Dennis, and the said Philip Tippin, before he was summoned as a garnishee in this case, or had any knowledge of the same. He further stat-

ed, that he was indebted to the said Dennis Tippin, in the sum of three dollars and twenty cents, and no more; and he prayed to be discharged, &c.

Upon the coming in of this answer, the plaintiffs in attachment, in pursuance of the statute, made the affidavit required, contesting the truth thereof; and an issue was formed accordingly, which was determined by a jury, in favor of the garnishee.

By a bill of exceptions it was shewn, that on the trial of the issue aforesaid, the plaintiffs in attachment, offered to introduce evidence, to prove, that the indorsement of the said note, executed by Cautrell, the garnishee, to Dennis Tippin, had been transferred by the latter to Philip Tippin, with a view to defraud the said plaintiffs; and that the transfer was without consideration—which testimony the Court rejected.

The plaintiffs' counsel then required the Court to charge the jury, that the garnishee was bound to show, that the said transfer of the note was on a good and valuable consideration: but, this instruction the Court refused to give. To all which the plaintiffs excepted; and, by writ of error, removed the cause here.

The assignments of error were, that the Court erred—

*First*—Because the Court overruled the evidence offered by the plaintiff below, of the want of consideration, in the transfer of the note in question, from Dennis to Philip Tippin, and, that the same was was made with a view and intent to defraud the plaintiffs of their demand.

5 s. & p.                27

*Secondly*—Because the Court refused to charge the jury, as requested by the plaintiffs' counsel, that the defendant was bound to prove a valuable consideration, for the transfer of said note, in order to make such transfer available, as a defence to the plaintiffs' claim thereon.

THORNTON, J.—An action was brought by the plaintiffs in error, by original attachment, returnable to the County Court of Lauderdale, against Dennis Tippin an absconding debtor; and John Cautrell was summoned as garnishee, who answered to the summons, acknowledging that he owed the sum of three dollars and —— cents to the defendant, but denied any further indebtedness.

The plaintiff, in pursuance of the statute in such cases provided, wishing to controvert the answer of the garnishee, made oath that he believed the same to be incorrect—whereupon an issue was joined, as set forth in the record.

The only error assigned, which is now relied upon, questions the propriety of the opinion of the Court, in refusing the introduction of testimony to the jury, which related to a supposed fraudulent transfer, or assignment rather, of a bond still due and unpaid, for the sum of three hundred dollars, which, according to the proof, had been executed by the garnishee, to the defendant in attachment, on the 28th day of December, 1829; and had been transferred, by regular assignment, to one Philip Tippin, who had notified the said garnishee of said assignment, prior to the service of the summons upon him.

The evidence proposed and rejected, was of these

facts, viz : that the transfer of the obligation above mentioned, was fraudulently made, to elude the just demands of his creditors, and without any consideration.

It can not be controverted, that the establishment of those facts results in the legal consequence, that the proceeds of this bond remain liable, notwithstanding such pretended assignment, to the satisfaction of the debts of the defendant. The only question is, whether, through the medium of the legal proceeding here adopted, it is competent to make such appropriation of the bond. As between the two Tippins, and Cautrell, the garnishee, both at law and in equity, the debt is due to and recoverable by the assignee, from Cautrell, though fraudulently made, as alleged, and proposed to be proven.

If an action were brought against Cautrell, by the said assignee, he would not be heard, to impugn the assignment by such evidence.

Upon the principles of the decision made by this Court, in the case of *Drake* vs *M' Causland*, it would ber ejected, as "*res inter alios acta*." The evidence, then, which was rejected in this case, was clearly irrelevant to the only issue at bar, which was whether the garnishee was indebted to the defendant in attachment.

The remedy, by attachment and summons, which was pursued in this case, is not so extended, and guarded by necessary provisions, as to embrace, in its present condition, this, any more than many other of the various devices of fraudulent debtors, which it is the peculiar province and power of a Court of Chancery, to detect and countervail.

This view of the objectionable character of the evidence offered, and repudiated by the Court below, can only be obviated, by maintaining the application of the common law principle, sanctioned and enforced by the statute of frauds—that such assignment, if made with the intent proposed to be proven, is void, as against the creditors of the assignor; and, being so, is as if it never had been made.

Were we to adopt this ground of obviating the objection, we must take it for *granted,* that the plaintiff is a *just creditor* of the defendant in attachment, which, something more than his mere assertion is necessary to establish; and which, where all indebtedness to the defendant is denied by the garnishee, can not be established in that suit, without *first proving* the assignment to be void.

It is maintained by some eminent jurists, that only a judgment creditor, or one whose claim to that character, has been, in some form, legally established, can avoid a deed from his supposed debtor, upon the ground of fraud in the conveyance.[a]

[a]2Bibb418; 3 Lit. 114; Peak's Ev. 417-'18.

If this doctrine be correct, to allaw a plaintiff in attachment in the case supposed, to controvert the validity of the assignment, would involve this palpaple absurdity : he may avoid the transfer, *because* he is a *creditor;* when he can only become a creditor, by *first avoiding the transfer.*

There are other considerations, however, which influence our determination, that the issue made in this case can not be sustained, by the evidence offered. An obvious difficulty which presents itself, in the attempt to litigate in this mode, the question of fraud *vel non,* in the transfer of this obligation, is,

that the rights of the assignee would be determined, in a contest in which he evidently could not be a party to the record; and, in many cases, could not, even be notified to attend to the conduct of the litigation. Such would be the inevitable hardship upon him, if the litigation, thus conducted by one who can not be presumed to know the facts of the case, were to be held as conclusive upon him; and, if the litigation were not held, thus conclusive, then the fate of the innocent garnishee would be equally deplorable; for he might be subjected to a double recovery.

It was urged by the counsel, in argument, that it was the duty of the garnishee, at his *peril*, to notify the assignee. To support this position, he cited 3d Wilson. The only doctrine relative to notice, introduced into that case, is simply this: that a person, against whom there was a recovery in attachment by the custom of London, could not interpose that former recovery in bar of a second action, brought against him, by the defendant in attachment, unless notice were given to the plaintiff in that action, who was defendant in the proceeding by attachment, of the prior litigation.

Now, it may perhaps, be deducible from this case, that if such notice had been given, the bar would have been allowed. The deduction might even be admitted, as fairly drawn, that it was the imperative duty of such *garnishee*, to give notice in such case, to the defendant in attachment; and yet, no support could be drawn from that authority, to maintain the position contended for, by the counsel for the plaintiff in this case.

So far as it recognizes the necessity of notice of the proceedings to the *defendant* in attachment, it sustains a great fundamental axiom of jurisprudence, from which nothing but the clearest necessity can justify the departure. It is only in those cases of urgency, where, else, a greater failure of justice might occur, that our attachment laws apply. The manifest injustice which often ensues the administration of those laws, admonish us not to extend them beyond their evident operation.

The statute certainly authorises a judgment against the defendant in attachment, under circumstances from which it would be rash, in many instances, to infer his knowledge of the proceeding; but we do not feel authorised to give such construction to it, as would involve incidentally, in the same predicament, his innocent assignee.

We think the Court below did not err, in rejecting the testimony.